```
                                                    FILED
                                              U.S. DISTRICT COURT
                                                  AUGUSTA DIV.
                                              2014 FEB -6 PM 3:44
                                              CLERK
                                                  SO. DIST. OF GA.
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| REGINALD RAYNARD MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-167 |
| | ) | |
| MCDUFFIE COUNTY DETENTION CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Washington State Prison in Davisboro, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at McDuffie County Detention Center ("MCDC") in Thomson, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), the Court screened Plaintiff's complaint in compliance with the IFP statute, 28 U.S.C. §§ 1915(e) and 1915A. In a Report and Recommendation ("R&R") issued January 30, 2014, the Court recommended dismissal of the complaint because Plaintiff did not exhaust administrative remedies, as he did not appeal the denial of his grievance, and because MCDC is not subject to liability under § 1983. (Doc. no. 14.) However, the Department of Corrections' Standard Operating Procedures are not applicable to the administrative grievance procedures at MCDC, and thus the Court cannot determine whether Plaintiff exhausted the administrative remedies available to him. Accordingly, the Court's January 30th R&R has been vacated in an Order issued simultaneously with this R&R, and the Court will

now proceed to re-screen the complaint to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. SCREENING OF THE COMPLAINT

A. BACKGROUND

In the complaint, Plaintiff names MCDC as the lone Defendant. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges that on August 22, 2013, he slipped and fell in the shower at MCDC. (Doc. no. 1, p. 5.) Plaintiff asserts that the shower floors "did not contain any grit support at all." (Id.) Plaintiff further explains that he began to feel lightheaded while drying off, reached for a support attached to the shower door, and fell when the support gave way. (Id.) Plaintiff hit his head on the wall, and was knocked unconscious. (Id.) Other inmates later told Plaintiff that it took almost thirty minutes for medical help to arrive. (Id.)

When he awoke, Plaintiff realized his arm was injured and was taken to the emergency room, where his arm was x-rayed and he was told it had been fractured. (Id.) Plaintiff complained about pain in his head and back and requested a CT scan, but no CT scan was performed. (Id.) The following day Plaintiff fell again, hitting his head and causing a "big knot" to appear. (Id.) Plaintiff also states that he had a "small gash" on

2

his head. (Id. at 6.) Plaintiff states that he filed several grievances but has not heard back, and on September 4, 2013, only thirteen days after the incident took place, he filed the instant complaint. (Id. at 3, 6, 7.) Plaintiff claims he did not receive proper care for his injuries, and requests compensation for his pain and suffering. (Id. at 6.)

**B.   DISCUSSION**

**1.   MCDC Is Not Subject to Liability in a § 1983 Suit.**

As the Court found in its January 30th R&R, Plaintiff's complaint should be dismissed because MCDC is not subject to liability in a § 1983 suit. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted).

A county detention center is not an entity capable of being sued for violation of § 1983. E.g., Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2, (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued"); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). Thus, in

3

accordance with these decisions, MCDC is not subject to liability for any of the allegations in Plaintiff's complaint.

### 2. Plaintiff's Complaint Fails to State a Deliberate Indifference Claim.

Even if Plaintiff had brought his claim against the correct individuals, which he has not, the complaint would still be subject to dismissal because the allegations contained therein fail to state a claim. To state a claim of deliberate indifference to a serious medical need, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendant acted with deliberate indifference to that need, and (3) his injury was caused by Defendant's wrongful conduct. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the requirement of stating an objectively serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To state a claim that Defendant was deliberately indifferent to his medical needs, Plaintiff must allege that Defendant: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow, 320 F.3d at 1243. The Eighth Amendment does not mandate that the medical care provided to the

prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Furthermore, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*).

Here, Plaintiff's allegations fail to satisfy either prong of the two-prong test to state a viable deliberate indifference claim, even if he had raised his claims against the appropriate individuals. First, he fails to allege that his head injury constitutes a "sufficiently serious" medical issue that poses a serious and imminent risk to his health. Plaintiff states that his head "was hurting really bad" following his first fall, and that his second fall caused "a big knot to appear." (Doc. no. 1, p. 5.) Plaintiff also states that he "had a small gash on the back of [his] head." (Id. at 6.) These symptoms, as described by Plaintiff, do not amount to a serious medical need that obviously required a doctor's

5

attention, nor was Plaintiff diagnosed as needing treatment for his alleged head injuries. Goebert, 510 F.2d at 1326. Thus, Plaintiff fails to allege a serious medical need.

Plaintiff has also failed to satisfy the second prong of the requisite test, in that he has failed to allege that Defendant or any individuals involved subjectively acted with deliberate indifference to his health or well-being. According to Plaintiff, he was taken to the emergency room for treatment a half hour after his fall, and there received an x-ray and treatment for his fractured arm. (Doc. no. 1, pp. 5-6.) Plaintiff simply complains that he should have also received a CT scan as to his head pain. (Id.) As such, Plaintiff's complaints amount to no more than a disagreement with his medical care providers over his diagnosis and treatment, which is insufficient to state a claim of deliberate indifference. Smith, 375 F. App'x at 910. Because Plaintiff has failed to satisfy either prong of the requisite test to state a viable deliberate indifference claim, the complaint is subject to dismissal even if Plaintiff had raised his claims against the appropriate individuals.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of February, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

6